45 F.3d 438
 75 A.F.T.R.2d 95-325, 95-1 USTC P 50,033
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julian O. VON KALINOWSKI; Penelope J. Von Kalinowski,
Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70424.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1994.
Decided Dec. 19, 1994.
 
 Before: WIGGINS, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We agree with the taxpayers that under Cooper v. Commissioner, 88 T.C. 84 (1987), and Waddell v. Commissioner, 86 T.C. 848 (1986), their solar energy equipment was placed in service in 1985. The taxpayers contracted with Photosil and an affiliate to have the equipment installed, operated and maintained at a McDonald's restaurant in Bakersfield. The taxpayers themselves never intended to operate the equipment in the course of their business venture because, contrary to the suggestion of Respondent, the taxpayers weren't engaged in the business of producing electric energy. Cases like Consumers Power Co. v. Commissioner, 89 T.C. 710 (1987), are thus distinguishable.
 
 
 3
 Instead, as was the case in Cooper and Waddell, the taxpayers purchased equipment and simultaneously entered into an agreement with a third party to place that equipment with an end user. That the taxpayers' agreement with Photosil and its affiliate wasn't labeled a lease isn't controlling; rather, the nature of the taxpayers' business venture determines whether the rule established in Cooper and Waddell is applicable. As noted above, there is no substantive difference between the taxpayers' business venture and those of the taxpayers in Cooper and Waddell.
 
 
 4
 Because the taxpayers made the solar energy equipment available for placement with an end user in 1985, they were entitled to the claimed deductions and credits in the 1985 tax year.
 
 
 5
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3